# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. CR412-011 |
| ) | |
| GERALD ROSS ) | |

## REPORT AND RECOMMENDATION

Seeking to suppress the custodial statements he made to Savannah-Chatham Metro police officers in this drugs and gun prosecution, defendant Gerald Ross insists that the officers failed to advise him of his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966) before interrogating him. Doc. 27 (his motion); doc. 44 (hearing).

The sole witness at the suppression hearing, Sgt. Raymond Shores of the Counter Narcotics Team (CNT), testified that after police officers made multiple purchases of drugs at a Savannah residence they obtained a warrant authorizing a search of the residence. Upon their entry, officers found Ross with a large platter full of marijuana that he appeared to be packaging for sale. Located within the same room were 4 firearms

(all within Ross' reach) and some documents bearing his name. Once they spotted the firearms, officers pulled Ross from his wheelchair and forcibly placed him on the floor. Paramedics called to the scene examined Ross and determined that he had suffered no serious injury.

Officers then wheeled Ross out to his living room, where Shore advised him of his *Miranda* rights prior to any questioning: "I said to him that he had a right to remain silent, that anything he said could and would be used against him in a court of law, I told him that he had a right to an attorney and to have one present with him now or at any time during his questioning, I told him if he couldn't afford one, one would be appointed for him by the courts. I asked him if he understood his rights, he said yes." The police then took Ross to the residence's front porch, where he answered their questions clearly and intelligently. He adverted to the fact his disability resulted from a prior gunshot wound and implied that he possessed the firearms found in the residence as a precaution against being shot again. Finally, he conceded that his uncle and daughter, both of whom were present in the residence, had nothing to do with the guns.

Sgt. Shore testified that Ross appeared to understand the questions put to him, gave appropriate and coherent responses, and exhibited no

signs of inebriation or other mental impairment. At no point did the police threaten Ross or promise him any benefit in exchange for his statements. Sgt. Shores conceded that he obtained no written *Miranda* waiver prior to questioning Ross. But as a career veteran, he pointed out, it is simply not his practice to use *Miranda* waiver forms. Nor is it police department policy, though he conceded that some officers do elect to use such waiver forms in their cases.

The Court finds Sgt. Shore's unrebutted testimony [1] credible and, based on it, determines that defendant Ross voluntarily relinquished his *Miranda* rights by not invoking them at any time prior to or during his interrogation. *See Berghuis v. Thompkins*, ___ U.S. ___, 130 S. Ct. 2250 (2010) ("a suspect who has received and understood the *Miranda*

---

[1] Immediately prior to the suppression hearing, Ross tendered an affidavit averring that the officers failed to advise him of *Miranda* rights prior to his custodial interrogation. The Court insisted on such an affidavit before holding an evidentiary hearing, as Ross' motion to suppress failed to allege *facts* that, if proved, would entitle him to relief. *See United States v. Cooper*, 203 F.3d 1279, 1284-85 (11th Cir. 2000); *United States v. Richardson*, 764 F.2d 1514, 1526-27 (11th Cir. 1985); L.Cr.R. 12.1 (requiring a defendant's factual assertions to sworn to or supported by record references). While Ross' affidavit served to get him a hearing, it did not qualify as evidence at that hearing. "A defendant who wishes to dispute evidence offered by the government at a suppression hearing may not hope to avoid the cleansing fire of cross-examination by the simple expedient of tendering his testimony in form of an affidavit." *United States v. Terry*, 2007 WL 496639 at *4 (S.D. Ga. Feb. 12, 2007), *aff'd*, 258 F. App'x 304 (11th Cir. 2007).

warnings, and has not invoked his *Miranda* rights, waives the right to remain silent by making an uncoerced statement to the police.").

As Ross knowingly and voluntarily waived his *Miranda* rights, no suppression of his statements is warranted here. Accordingly, his motion to suppress, doc. 27, should be **DENIED**.

**SO REPORTED AND RECOMMENDED** this 11th day of July, 2012.

*/s/ M. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA